# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

| | |
|---|---|
| **LAWRENCE WILDER,** ) | |
| ) | |
| Movant, ) | |
| v. ) | Civil Action No. 2:23-00684 |
| ) | |
| **UNITED STATES,** ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the United States' "Motion to Dismiss Without Prejudice" (Document No. 3), filed on November 9, 2023. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## FACT AND PROCEDURE

1.   **Criminal Action No. 5:12-00003:**

On February 8, 2012, Movant pled guilty in the United States District Court for the Eastern District of North Carolina to one count of threatening to assault and murder an official in violation of 18 U.S.C. § 115(a)(1)(B) (Count One). United States v. Wilder, Criminal Action No. 5:12-00003 (E.D.N.C. April 10, 2012), Document Nos. 27. On April 10, 2012, the District Court sentenced Movant to an 18 month term of imprisonment to be followed by a three-year term of supervised release. Id., Document Nos. 33 - 34. The District Court further imposed a special assessment of $100 and restitution in the amount of $91,381.08. Id. Movant did not file a direct appeal with the Fourth Circuit Court of Appeals.

On April 13, 2012, Movant was released from custody and commenced his term of

supervised release. Id., Document No. 37. On October 7, 2013, Movant filed a Motion for New Trial, Motion to Reduce Sentence, and Motion for Early Termination of Probation. Id., Document No. 35. On October 18, 2013, a United States Probation Officer filed a Motion for Revocation of Supervised Release and a Petition for the Issuance of an Arrest Warrant. Id., Document No. 37. On the same day, United States District Judge Malcolm J. Howards granted the Petition and issued a warrant for Movant's arrest. Id. On October 24, 2013, Movant was arrested, appointed counsel, and detained. Id., Document Nos. 39 – 43. The District Court held Movant's Revocation Hearing on November 13, 2013, and determined Movant violated the terms and conditions of his supervised release. Id., Document No. 51. The District Court revoked Movant's term of supervised release and sentenced Movant's to a 6 month term of imprisonment. Id.

On November 21, 2013, Movant filed his Notice of Appeal. Id., Document No. 52. Counsel filed an Anders Brief stating there was no meritorious issue for appeal but questioning whether the revocation sentence was reasonable. Id., Document No. 59. Movant filed a *Pro Se* Brief arguing that the District Court abused its discretion by revoking his release. Id. By Per Curiam Opinion entered on August 14, 2014, the Fourth Circuit dismissed Movant's appeal as moot based upon his release from imprisonment. Id. The Fourth Circuit issued its Mandate on October 6, 2014. Id., Document No. 63.

On November 5, 2014, Movant filed in the Eastern District of North Carolina a "Motion to Dismiss Charges and Conviction." Id., Document No. 65. By Order entered on May 6, 2015, the District Court denied Movant's "Motion to Dismiss Charges and Conviction." Id., Document No. 69.

On November 20, 2019, Movant filed a Motion to Dismiss, Motion for New Trial, and

Motion for Recusal. Id., Document No. 107. On January 13, 2020, Movant filed a Motion to Change Venue and "Motion for Recusal and Proof of Sells vs. US Violation." Id., Document No. 108. By Order entered on April 23, 2020, the District Court denied the above Motions. Id., Document No. 109.

On April 20, 2021, Movant filed a Motion to Withdraw Plea of Guilty, Motion to Recuse Federal Judges Howard and Jones, and a Brady Motion. Id., Document No. 118. On May 25, 2021, Movant filed a "Motion to Return Federal Seizure Property and Excessive Fine." Id., Document No. 123. By Order entered on June 22, 2021, the District Court denied the above Motions. Id., Document No. 125.

On June 30, 2021, Movant filed a Motion to Dismiss. Id., Document No. 126. On July 6, 2021, Movant filed a "Motion to Dismiss Fraudulent Alford Plea, and Federal Property Seizure." Id., Document No. 127. The District Court denied the above Motions on August 4, 2021.

On January 12, 2022, Movant filed a "Motion for Appointment of Counsel Refund and Motion to Dismiss Eighth Amendment." Id., Document No. 130. By Order entered on June 13, 2022, the District Court denied the above Motions. Id., Document No. 131.

On November 22, 2022, Movant filed a Motion for Appointment of Counsel Hearing, Motion for Writ of Habeas Corpus Hearing, Writ of Coram Nobis Hearing, and Rule 60 Motion Hearing. Id., Document No. 132. On December 7, 2022, Movant filed a Motion to Vacate Conviction.[1] Id., Document No. 133. On May 30, 2023, Movant filed a Motion for Hearing, Rule 60 Motion, Motion for Effective Appointment of Counsel, Motion to Change Venue, Motion for Recusals, and Motion to Vacate Conviction. Id., Document No. 134. On August 17, 2023, Movant filed a "Notice of Appeal 10/23/2013 Revocation of Supervised Probation." Id.,

---

[1] This Motion was identical to the first Section 2255 Motion filed with this Court.

Document No. 136. On September 8, 2023, Movant filed a Motion to Withdraw Plea of Guilty. Id., Document No. 138. On October 4, 2023, Movant filed a Motion to Vacate the Conviction. Id., Document No. 141. On December 1, 2023, Movant filed a Motion for a New Trial regarding his conviction and a Motion to Remove State Prosecution to Federal Court. Id., Document Nos. 142 and 143. On February 1, 2024, Movant filed a Motion for Appointment of Effective Counsel and Change of Venue. Id., Document No. 145.

2.      **First Section 2255 Motion:**

On January 25, 2016, Movant filed in the Eastern District of North Carolina a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." Id., Document No. 76. As grounds for relief, Movant asserted the following: (1) "Forced medication side effects;" (2) Prosecutorial misconduct; (3) Double jeopardy; and (4) Ineffective assistance of counsel. Id. On February 29, 2016, Movant filed his Supplemental Section 2255 Motion. Id., Document No. 80. On March 11, 2016, the United States filed its Motion to Dismiss for Lack of Jurisdiction and Memorandum in Support. Id., Document Nos. 81 and 82. On March 28, 2016, Movant filed his Response in Opposition. Id., Document No. 86. By Order and Judgment entered on May 19, 2016, the District Court granted the United States' Motion to Dismiss after determining it lack jurisdiction over Movant's Section 2255 Motion because Movant was no longer in custody or subject to any term of supervised release. Id., Document Nos. 88 and 89.

3.      **Second Section 2255 Motion:**

On September 7, 2016, Movant filed in the Eastern District of North Carolina his second Section 2255 Motion. Id., Document No. 91. As grounds for relief, Movant asserted the following: (1) "Forced medication akathisia side effects cruel and unusual punishment;" (2)

Prosecutorial misconduct; (3) Double jeopardy; and (4) Ineffective assistance of counsel. Id. By Order and Judgment entered on April 3, 2018, the District Court denied Movant's Section 2255 Motion as second and successive. Id., Document Nos. 94 and 95. On April 30, 2018, Movant filed his Notice of Appeal. Id., Document No. 98. By Per Curiam Opinion entered on September 21, 2018, the Fourth Circuit dismissed Movant's appeal. Id., Document Nos. 102 and 103. On December 6, 2018, the Fourth Circuit issued its Mandate. Id., Document No. 106.

On December 30, 2020, Movant filed a Motion for Reconsideration of the District Court's Order denying his Section 2255 Motion as successive. Id., Document No. 115. On January 26, 2021, Movant filed a Motion to Withdraw Plea of Guilty, Dismiss Charges, and Request a New Trial Based on Judicial Misconduct and Ineffective Assistance of Counsel. Id., Document No. 116. By Order entered on February 22, 2021, the District Court denied the above Motions. Id., Document No. 117. On April 21, 2021, Movant filed his Notice of Appeal. Id., Document No. 119. By Order entered on July 12, 2021, the Fourth Circuit dismissed Movant's appeal for failure to prosecute. Id., Document No. 128 and 129.

4.     **Third Section 2255 Motion:**

On December 13, 2022, Movant filed with this Court a Section 2255 Motion to Vacate Conviction initiating Civil Action No. 2:22-00578. (Civil Action No. 2:22-00578, Document No. 1.) First, Movant appeared to argue that trial counsel was ineffective in failing to file a direct appeal as requested by Movant. (Id.) Second, Movant claimed that he was forcefully medicated during his underlying criminal proceedings. (Id.) Third, Movant asserted that his guilty plea was involuntary. (Id.) Finally, Movant argued he was subjected to an excessive sentence. (Id.)

By Proposed Findings and Recommending ("PF&R") entered on December 21, 2022, the undersigned recommended that Movant's Section 2255 Motion be dismissed as this Court lacked

jurisdiction to consider Movant's Section 2255 Motion. (Id., Document No. 3.) On January 6, 2023, Movant filed his Objections. (Id., Document No. 4.) By Order entered on May 18, 2023, United States District Judge Thomas E. Johnston adopted the undersigned's PF&R and dismissed Movant's Section 2255 Motion. (Id., Document No. 5.)

5.  **Instant Section 2255 Motion:**

On September 19, 2023, Movant, acting *pro se*, filed his second Section 2255 Motion with this Court.[2] (Civil Action No. 2:23-00684, Document No. 1.) Movant again challenges the validity of his conviction and sentence as imposed by the Eastern District of North Carolina in United States v. Wilder, Criminal Action No. 5:12-00003 (E.D.N.C. April 10, 2012). (Id.) On November 9, 2023, the United States filed a Motion to Dismiss Without Prejudice and Memorandum of Law in Support. (Id., Document Nos. 3 and 4.) Specifically, the United States argues that "[t]his action should be dismissed under 28 U.S.C. § 2255 because the sentence which Wilder attacks was issued in the United States District Court for the Eastern District of North Carolina and not the United States Court for the Southern District of West Virginia." (Id., Document No. 4, pp. 3 – 4.) The United States further notes that "[e]ven if Wilder's Motion could be construed as a request for habeas relief under 28 U.S.C. § 2241, this action must still be dismissed for lack of jurisdiction because Wilder has not and is not confined in this judicial district." (Id., pp. 4 – 6.) As Exhibits, the United States attaches the following: (1) A copy of the "Inmate Detail" regarding Movant from the New Hanover County Sheriff's Office (Id., Document No. 3-1); (2) A copy of the Docket Sheet from Criminal Action No. 5:12-00003 (Document No. 3-2); and (3) A copy of the Judgment in Criminal Case as filed in Criminal

---

[2]  Because Movant is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Action No. 5:12-00003 (Document No. 3-3).

On December 14, 2023, Movant filed his Response in Opposition and Exhibits in Support. (Id., Document No. 6.) Movant continues to argue that the United States violated his constitutional rights by involuntarily administering anti-psychotic drugs, failing to disclose Brady evidence, and "judge shopping." (Id., pp. 1 – 3, 5, 8.) Next, Movant contends that the "Federal Bureau of Investigations in Clarksburg, West Virginia, criminal database has no record of petitioner's wrongful federal felony conviction proving jurisdiction of the SDWV." (Id., p. 3.) Finally, Petitioner states that he "visited the State of West Virginia in 2009" and he "owned a 1984 Cadillac" from West Virginia. (Id.)

On December 18, 2023, the United States filed a Memorandum in Opposition. (Id., Document No. 7.) The United States asserts that Movant does address any of the "legal arguments presented by the United States in its Motion to Dismiss for lack of jurisdiction." (Id., p. 2.) The United States further states that Movant "does not assert any grounds for jurisdiction under 28 U.S.C. § 2241 or 28 U.S.C. § 2255." (Id.) The United States continues to argue that the above action should be dismissed because this Court does not have jurisdiction. (Id., pp. 2 – 3.) Specifically, the United States explains that Movant is attempting to seek relief in a Court "with no connections to his conviction and place of incarceration." (Id., p. 3.)

On January 31, 2024, Movant filed a Motion to Vacate Conviction, Amend Objections, Appoint Counsel, and Sanction United States Attorney William Thompson, AUSA Fred Westfall, and Magistrate Judge Omar J. Aboulhosn (Document No. 8) First, Movant states that he requests "sanctions of Thomas, Westfall Jr., and Aboulhosn for fraud, discrimination, civil rights violations, [and] retaliation for filing a judicial misconduct complaint." (Id., p. 1.) Second, Movant states that the United States has "intentionally committed perjury to the court about

jurisdiction knowing that federal court jurisdiction ended in the USDC in EDPA in 2011 after the first injection of anti-psychotic forced medication that didn't respect U.S. Supreme Court precedents." (Id.) Movant then argues that the United States had no jurisdiction to prosecute Movant after 2011. (Id., p. 2.) Third, Movant contends he is innocent and the United States is fully aware of his innocence. (Id., p. 3.) Finally, Movant claims the United States is "guilty of withholding evidence of [the] knowledge of [the] wrongful conviction" of Movant and in obtaining a "guilty plea bargain under duress." (Id., p. 4.)

On February 2, 2024, the United States filed a Memorandum in Opposition. (Document No. 9.) Specifically, the United States contends that Movant's foregoing Motion "is a recycling of previous motions and allegations already pending before the Court to which the United States has responded and which are the subject of a motion to dismiss filed by the United States." (Id., Document No. 9.) The United States further argues that "the allegations in ECF No. 8 are also spurious, redundant, vexatious, immaterial, impertinent, scandalous, and designed as outright harassment and should also be stricken under Fed.R.Civ.P. 12(f)." (Id.)

## DISCUSSION

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) It is clear that this District Court lacks jurisdiction to consider Movant's Section 2255 Motion. It is undisputed that Movant was not convicted or sentenced in this District. Additionally, it is irrelevant that Movant may have visited or purchased a vehicle in West Virginia. Rather, jurisdiction is properly in the Eastern District of North Carolina where Movant's challenged sentence was imposed. Since this Court lacks jurisdiction to consider Movant's Section 2255 Motion, the Court should consider whether Movant's instant Motion should be transferred to the sentencing Court or dismissed.

Title 28 U.S.C. § 1631 provides a court with authority to transfer a case for lack of jurisdiction. Specifically, Section 1631 provides that "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631; also see 28 U.S.C. §§ 1404(a) and 1406(a). Based upon the above procedural history, the undersigned finds that a transfer of the instant action is not in the interest of justice. A court may dismiss rather than transfer an action that is frivolous or time-barred. United States v. McNeill, 523 Fed.Appx. 979, 984 (4th Cir. 2013)(citing Phillips v. Seiter, 173 F.3d 609, 610-11 (7th Cir. 1999))(finding the transfer of a frivolous, time-barred action is a waste of judicial resources). The undersigned finds that Movant's instant Section 2255 Motion should not be transferred because Movant has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained

certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[3] Accordingly, the undersigned respectfully recommends that the United States' Motion to Dismiss Without Prejudice (Document No. 3) be granted.[4]

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** the United States' Motion to Dismiss Without Prejudice (Document No. 3), **DISMISS without prejudice** Movant's Section 2255 Motions to Vacate Conviction (Document Nos. 1 and 8), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston.

---

[3] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Movant's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A).

[4] There is no indication that Movant is requesting relief pursuant to Section 2241. Even assuming Movant is requesting relief under Section 2241, this Court would not have jurisdiction as Movant was not incarcerated in the Southern District of West Virginia at the time he initiated the above action. A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Movant filed the above action while incarcerated at New Hanover County Detention Facility located in Castle Hayne, North Carolina. The Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)( "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction."); *also see Chaney v. O'Brien*, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed").

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L.Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*.

Date: February 14, 2024.



Omar J. Aboulhosn
United States Magistrate Judge