IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LAWRENCE WILDER,

        Petitioner,

v.                                                     CIVIL ACTION NO.   2:23-cv-00684

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**

Pending before the Court is Respondent United States' motion to dismiss.  (ECF No. 3.) By Standing Order entered in this case on October 16, 2023, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and a recommendation for disposition ("PF&R").  (ECF No. 2.)  Magistrate Judge Aboulhosn filed his PF&R on February 14, 2024, recommending that this Court grant the United States' motion and dismiss this action for want of jurisdiction.  (ECF No. 10.)

This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of *de novo* review. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).   In addition, this Court need not conduct a *de novo* review when a party "makes general

1

and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R were due on March 4, 2024. Petitioner filed his objections on March 5, 2023—a day late. (ECF No. 12.) This untimeliness is of no consequence, though, because even if the objections were timely, they still fail to point the Court to any specific error in the PF&R. Indeed, Petitioner's objections amount to nothing more than incoherent rambling on a myriad of irrelevant topics, such as Justice Samiel Alito's birthday, "stand your ground" laws, Randy Moss losing a Super Bowl, the murder of Michael Jordan's father, and Queen Latifah. (*See, e.g.*, *id.* at 4, 6, 9, 36, 37.) At no point in Petitioner's 45-page filing does he identify and engage with an alleged flaw in the PF&R's reasoning. Petitioner has thus waived his right to *de novo* review. The Court therefore **OVERRULES** Petitioner's objections, (ECF No. 12), **ADOPTS** the PF&R, (ECF No. 10), **GRANTS** the United States' motion, (ECF No. 3), and **DISMISSES** this case **WITHOUT PREJUDICE**. The Court further **DIRECTS** the Clerk to remove this matter from the Court's active docket.

The Court has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). Because Petitioner has not made a substantial showing of the denial of a constitutional right in the § 2255 Petition and objections to the PF&R, the Court **DENIES** a

certificate of appealability. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 20, 2024

THOMAS E. JOHNSTON, CHIEF JUDGE